OPINION
Defendant-appellant Michael Rutherford appeals from his conviction and sentence for Assault. He contends that the trial court committed plain error when it failed to give the instruction required by State v. Souel
(1978), 53 Ohio St.2d 123, regarding consideration of a report of a polygraph examination. Rutherford also contends that his trial counsel was ineffective for having failed to request that instruction. Finally, Rutherford contends that the trial court abused its discretion when it denied his motion for a continuance, filed the Friday before the Monday commencement of the trial.
We conclude that the trial court's failure to have given the Souel
jury instruction did not rise to the level of plain error, and that, in view of the strength of the evidence that Rutherford was guilty of assault, his trial counsel was not ineffective in the constitutional sense. Furthermore, we conclude that the trial court did not abuse its discretion when it denied his motion to continue the trial. Accordingly, the judgment of the trial court is Affirmed.
 I
While Rutherford was visiting at the residence of his brother, Alan, there was an altercation between the two, which left Alan with visible injuries, and Michael with none. A police officer who arrested Rutherford about two hours later observed no injuries to Rutherford, but saw ligature marks on Alan Rutherford's neck consistent with his testimony of being strangled with a rope. Alan Rutherford's wife, Rebecca, observed part of the altercation, and saw Rutherford wrapping a rope around his brother's neck.
Rutherford was arrested and charged with Aggravated Assault. Pursuant to an agreement, Rutherford underwent a polygraph examination, stipulating that the results of the examination could be used at trial. The examiner concluded that Rutherford was being deceptive when, in response to several questions, he denied having choked or assaulted his brother with a rope.
At trial, Rutherford and the State offered conflicting testimony on the issue of who attacked whom. The polygraph examiner testified, and gave her opinion concerning Rutherford's deceptive responses. No limiting instruction was requested concerning the report of the polygraph examiner, and no limiting instruction was given.The jury found Rutherford not guilty of Aggravated Assault, but guilty of Assault. A judgment of conviction was entered, and Rutherford was sentenced accordingly. From his conviction and sentence, Rutherford appeals.
 II
Rutherford's First Assignment of Error is as follows:
 THE TRIAL COURT DENIED APPELLANT A FAIR TRIAL WHEN IT FAILED TO PROPERLY INSTRUCT THE JURY HOW IT SHOULD CONSIDER THE POLYGRAPH EVIDENCE AND HOW IT SHOULD CONSIDER THE TESTIMONY OF AN EXPERT WITNESS.
 In the syllabus of State v. Souel (1978), 53 Ohio St.2d 123, the Ohio Supreme Court held as follows:
 The results of a polygraphic examination are admissible in evidence in a criminal trial for purposes of corroboration or impeachment, provided that the following conditions are observed:
 1. The prosecuting attorney, defendant and his counsel must sign a written stipulation providing for defendant's submission to the test and for the subsequent admission at trial of the graphs and the examiner's opinion thereon on behalf of either defendant or the State.
 2. Notwithstanding the stipulation, the admissibility of the test results is subject to the discretion of the trial judge, and if the trial judge is not convinced that the examiner is qualified or that the test was conducted under proper conditions he may refuse to accept such evidence.
 3. If the graphs and examiner's opinion are offered in evidence the opposing party shall have the right to cross-examine the examiner respecting: a) the examiner's qualifications and training; b) the conditions under which the test was administered; c) the limitations of and possibilities for error in the technique of polygraphic interrogation; and, d) at the discretion of the trial judge, any other matter deemed pertinent to the inquiry.
 4. If such evidence is admitted the trial judge should instruct the jury to the effect that the examiner's testimony does not tend to prove or disprove any element of the crime with which a defendant is charged, and that it is for the jurors to determine what weight and effect such testimony should be given.
(Emphasis added.)
Rutherford did not request the jury instruction required by State v.Souel, supra, and no jury instruction was given. Rutherford asserts that the failure to give the jury instruction was plain error. Plain error may be invoked only in rare cases, and no error constitutes plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. State v. Campbell (1994), 69 Ohio St.3d 38, at 41.
In our view, the failure to give the jury instruction does not rise to the level of plain error. The jury was instructed, as part of the general jury instructions, that it was the sole judge of the facts. The jury evidently took its role seriously, as evidenced by its acquittal of Rutherford on the charge of Aggravated Assault.
In our view, there is substantial other evidence in this record from which the jury could predicate its verdict of guilty of Assault. Therefore, the failure to give the Souel instruction does not constitute plain error. State v. Coy (March 22, 1995), Montgomery App. No. 14415, unreported.
Rutherford's First Assignment of Error is overruled.
 III
Rutherford's Second Assignment of Error is as follows:
 TRIAL COUNSEL WAS INEFFECTIVE UNDER THE SIXTH AMENDMENT OF THE CONSTITUTION, FOR FAILING TO REQUEST INSTRUCTIONS ON HOW AN EXPERT WITNESS' TESTIMONY SHOULD BE EVALUATED AND ON HOW THE POLYGRAPH RESULTS SHOULD BE EVALUATED.
 Before a judgment of conviction may be reversed upon the grounds of ineffective assistance of trial counsel, the defendant must demonstrate both that his trial counsel's performance was deficient, and that the deficient performance prejudiced the defendant so as to deprive him of a fair trial. Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley
(1989), 42 Ohio St.3d 136. To warrant reversal, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. State v. Bradley, supra, at 142.
We are satisfied that Rutherford's trial counsel should have requested the Souel limiting instruction, and that counsel's failure to do so constituted a deficiency in counsel's performance. However, we are not satisfied that Rutherford has met his burden under the second prong of the ineffective assistance of counsel test.
Rutherford's trial counsel did point out, in his cross-examination of the polygraph examiner, that the examiner could not "tell this Jury that he [Rutherford] was deceptive," and that he "would certainly never tell this Jury that a polygraph has taken over their function of deciding what is true and what is not true."
Even the prosecutor, in closing argument, told the jury that it was up to them to determine what weight, if any, to put on the testimony of the examiner that Rutherford was deceptive in certain answers.
During closing argument, Rutherford's trial counsel acknowledged that Rutherford had no explanation for the marks on his brother's neck. This evidence, which was established by the testimony of the arresting police officer, whose credibility was never attacked, rendered untenable Rutherford's theory that his brother had attacked him. Rutherford was the only witness whose testimony supported that theory. Under these circumstances, we conclude that it is unlikely that the result of this trial would have been otherwise, had Rutherford's trial counsel requested the Souel instruction. Accordingly, counsel's deficiency in not having requested the Souel instruction was not sufficient to undermine confidence in the outcome of the trial, and the second prong of theStrickland and Bradley tests is not satisfied.
Rutherford's Second Assignment of Error is overruled.
 IV
Rutherford's Third Assignment of Error is as follows:
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT REFUSED TO GRANT A CONTINUANCE, AND THE COURT'S DECISION TO PROCEED WITH THE TRIAL DENIED APPELLANT DUE PROCESS OF LAW.
 The trial was scheduled to commence on Monday, August 27, 2001, at 8:30 a.m. On Friday, August 24, 2001, at 3:18 p.m., Rutherford filed a motion to continue the trial. In his memorandum in support of that motion, he represented to the trial court that he had just received the results of his polygraph on Tuesday, August 21, 2001, and wanted an opportunity to review those results with an independent examiner.
The decision whether to grant or to deny a motion for continuance is left to the sound discretion of the trial court. State v. Unger (1981),67 Ohio St.2d 65. The polygraph examination was taken pursuant to a stipulation that was filed July 10, 2001. The examination occurred on August 15, 2001. One foreseeable result of the examination would be that the examiner would conclude that Rutherford was being deceptive in some significant regard. By his own admission, Rutherford received the adverse report of the examiner on Tuesday, August 21, 2001. He did not immediately request a continuance so that he could consult an independent examiner, but waited three days, until the afternoon of August 24, 2001, to request a continuance. The trial was scheduled to begin the following Monday, at 8:30 a.m. Under these circumstances, we conclude that the trial court did not abuse its discretion by denying the motion.
Rutherford's Third Assignment of Error is overruled.
 V
All of Rutherford's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, JJ., concur.